FILED

2012 DEC 21  PM 4: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2012 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11-1175(A)-SJO |
| Plaintiff, | ) | F I R S T |
| | ) | S U P E R S E D I N G |
| v. | ) | I N D I C T M E N T |
| KEITH JAMES HUDSON, | ) | [18 U.S.C. § 371: Conspiracy; |
| | ) | 18 U.S.C. §§ 1030(a)(2)(C), |
| Defendant. | ) | (c)(2)(B)(i), (c)(2)(B)(ii): |
| | ) | Unauthorized Access to a |
| | ) | Protected Computer to Obtain |
| | ) | Information; 18 U.S.C. § |
| | ) | 1028A: Aggravated Identity |
| | ) | Theft] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   INTRODUCTION

1.   At all times relevant to this Indictment:

a.   Co-conspirator Tyler Schrier ("Schrier") attended Trinity College in Hartford, Connecticut.

b.   Trinity College provided internet service and assigned static Internet Protocol addresses to its students.

WW:ww

c.    Co-conspirator Schrier used the following e-mail accounts:  stankylagg@gmail.com and ubpoerisascam@gmail.com.

d.    Co-conspirator Schrier used the screen name "just4kicksbrah" on America Online ("AOL") Instant Messenger.

e.    Co-conspirator Schrier used an online poker account under the screen name of "Craigslist girl" on the Full Tilt Poker website.

f.    Defendant KEITH JAMES HUDSON ("HUDSON") used an online poker account under the screen name of "Marissa_20" on the PokerStars.com website.

g.    Co-conspirator Ryder Finney ("Finney") used an online poker account under the screen name of "Skittl3zzz" on the PokerStars.com website.

h.    Victim J.S. resided in the Central District of California.

i.    Victim J.S. maintained a Hotmail e-mail account ("victim J.S.'s e-mail account") that contained, among other things, intimate photographs of himself and victim A.L.

j.    Victim A.L. resided in the Central District of California.

k.    Victim J.S. and victim A.L. had a previous relationship.

l.    Victim A.L. and victim D.N. were in a relationship.

B.    THE OBJECTS OF THE CONSPIRACY

2.    Beginning on an unknown date and continuing through on or about November 10, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant HUDSON

2

1  and co-conspirators Schrier and Finney, together with others

2  known and unknown to the Grand Jury, knowingly combined,

3  conspired, and agreed to commit the following offenses against

4  the United States:

5        a.   To access a protected computer without

6  authorization and obtain information for private financial gain

7  and in furtherance of a criminal act, in violation of Title 18,

8  United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i), and

9  (c)(2)(B)(ii).

10        b.   To extort by threatening to impair the

11  confidentiality of information from a protected computer, in

12  violation of Title 18, United States Code, Section 1030(a)(7)(B).

13  C.  THE MANNER AND MEANS OF THE CONSPIRACY

14      3.   The objects of the conspiracy were carried out, and to

15  be carried out, in substance, as follows:

16        a.   Co-conspirator Schrier and defendant HUDSON would

17  gain unauthorized access into victim J.S.'s e-mail account.

18        b.   Defendant HUDSON would obtain information from

19  victim J.S.'s e-mail account, specifically, e-mails and intimate

20  photographs of victim J.S. and victim A.L., and subsequently

21  would receive money from the extortion scheme.

22        c.   Co-conspirator Schrier would contact victims J.S.,

23  A.L., and D.N., and threaten to post those intimate photographs

24  and e-mails on the Internet unless they provided him with money

25  or credits on online poker accounts.

26        d.   Co-conspirator Finney would facilitate the receipt

27  of money from victim D.N. and transfer the money to co-

28  conspirator Schrier.

3

D.   OVERT ACTS

4.   In furtherance of the conspiracy and to accomplish its objects, defendant HUDSON and co-conspirators Schrier and Finney, together with others known and unknown to the Grand Jury, committed, and willfully caused others to commit, the following overt acts, among others, in the Central District of California and elsewhere:

Overt Act No. 1:   On or about October 17, 2010, co-conspirator Schrier accessed victim J.S.'s e-mail account without authorization.

Overt Act No. 2:   On or about October 18, 2010, defendant HUDSON accessed victim J.S.'s e-mail account without authorization.

Overt Act No. 3:   On or about October 18, 2010, defendant HUDSON obtained intimate e-mails and photographs of victims J.S. and A.L. from victim J.S.'s e-mail account.

Overt Act No. 4:   On or about October 18, 2010, defendant HUDSON sent to co-conspirator Schrier an e-mail containing screenshots of intimate e-mails between J.S. and other women and a nude photograph of victim J.S.

Overt Act No. 5:   On or about October 18, 2010, in a cellular telephone text message to co-conspirator Schrier, defendant HUDSON stated that he did not know if he and co-conspirator Schrier locked victim J.S. out of his e-mail account.

Overt Act No. 6:   On or about October 18, 2010, co-conspirator Schrier sent to victim J.S. an e-mail threatening to post intimate photographs of victims J.S. and A.L. on the Internet unless victim J.S. paid money to co-conspirator Schrier.

4

1     <u>Overt Act No. 7</u>:   On or about October 18, 2010, co-

2 conspirator Schrier contacted victim J.S. via AOL Instant

3 Messenger and threatened to post intimate photographs of victims

4 J.S. and A.L. on the Internet unless victim J.S. paid $100,000 to

5 co-conspirator Schrier.

6     <u>Overt Act No. 8</u>:   On or about October 18, 2010, co-

7 conspirator Schrier contacted victim J.S. via AOL Instant

8 Messenger and instructed victim J.S. to pay co-conspirator

9 Schrier $60,000 and pay $5,000 each year thereafter in exchange

10 for co-conspirator Schrier not releasing victim J.S.'s intimate

11 photographs.

12     <u>Overt Act No. 9</u>:   On or about October 18, 2010, co-

13 conspirator Schrier contacted victim J.S. via AOL Instant

14 Messenger and threatened to post victim J.S.'s intimate

15 photographs on the Internet in the event that victim J.S. told

16 anyone about the extortion by co-conspirator Schrier.

17     <u>Overt Act No. 10</u>:   On or about October 19, 2010, in a

18 cellular telephone text message to co-conspirator Schrier,

19 defendant HUDSON discussed the extortion of victim J.S.

20     <u>Overt Act No. 11</u>:   On or about October 19, 2010, co-

21 conspirator Schrier contacted victim J.S. via AOL Instant

22 Messenger and threatened to post intimate photographs of victims

23 J.S. on the Internet unless victim J.S. transferred $100,000 into

24 an online poker account.

25     <u>Overt Act No. 12</u>:   On or about October 19, 2010, co-

26 conspirator Schrier contacted victim J.S. via AOL Instant

27 Messenger and threatened to post victim J.S.'s intimate

28 photographs in the event that victim J.S. told anyone about the

extortion by co-conspirator Schrier.

Overt Act No. 13:   On or about October 20, 2010, in a cellular telephone text message to defendant HUDSON, co-conspirator Schrier discussed the extortion of victim J.S.

Overt Act No. 14:   On or about October 20, 2010, in a cellular telephone text message to co-conspirator Finney, co-conspirator Schrier discussed verifying co-conspirator Finney's online poker account in order to receive $100,000 from victim J.S.

Overt Act No. 15:   On or about October 20, 2010, in a cellular telephone text message to co-conspirator Finney, co-conspirator Schrier discussed the extortion of victim J.S. for $100,000.

Overt Act No. 16:   On or about October 21, 2010, co-conspirator Schrier contacted victim J.S. via AOL Instant Messenger and threatened to post victim J.S.'s intimate photographs on the Internet in the event that victim J.S. told anyone about the extortion by co-conspirator Schrier.

Overt Act No. 17:   On or about October 21, 2010, co-conspirator Schrier contacted victim J.S. via AOL Instant Messenger and instructed victim J.S. to transfer $20,000 into an online poker account in exchange for co-conspirator Schrier not releasing victim J.S.'s intimate photographs.

Overt Act No. 18:   On or about October 21, 2010, co-conspirator Schrier sent to victim A.L. an e-mail attaching an intimate photograph of victim A.L. that was obtained from victim J.S.'s e-mail account.

///

<u>Overt Act No. 19</u>:   On or about October 21, 2010, co-conspirator Schrier sent to victim A.L. an e-mail threatening to post intimate photographs of victim A.L. on the Internet unless victim A.L. made six monthly payments to co-conspirator Schrier.

<u>Overt Act No. 20</u>:   On or about October 21, 2010, co-conspirator Schrier sent to victim A.L. an e-mail demanding $1,000,000 from victim A.L.

<u>Overt Act No. 21</u>:   On or about October 22, 2010, co-conspirator Schrier sent to victim A.L. an e-mail threatening to post intimate photographs of victim A.L. on the Internet unless victim J.S. transferred money into victim A.L.'s online poker account and victim A.L. provided co-conspirator Schrier with the password to access victim A.L.'s account.

<u>Overt Act No. 22</u>:   On or about October 22, 2010, co-conspirator Schrier contacted victim J.S. via AOL Instant Messenger and threatened to post intimate photographs of victim J.S. on the Internet unless victim J.S. paid co-conspirator Schrier $20,000 through Western Union.

<u>Overt Act No. 23</u>:   On or about October 23, 2010, in a cellular telephone text message to co-conspirator Schrier, co-conspirator Finney asked about the status of the extortion of victim J.S.

<u>Overt Act No. 24</u>:   On or about October 25, 2010, co-conspirator Schrier sent to victim A.L. an e-mail threatening to post intimate photographs of victim A.L. on the Internet unless co-conspirator Schrier received money from victim A.L.

<u>Overt Act No. 25</u>:   On or about October 25, 2010, co-conspirator Schrier sent to victim A.L. an e-mail stating that

7

1   photographs had been posted on Pocket Fives, a poker website.

2         <u>Overt Act No. 26</u>:   On or about October 26, 2010, co-
3   conspirator Schrier sent to victim A.L. an e-mail threatening to
4   post intimate photographs of victim A.L. on the Internet unless
5   victim A.L. paid at least $1,000 to co-conspirator Schrier's
6   online poker account under the name of "Craigslist girl."

7         <u>Overt Act No. 27</u>:   On or about October 26, 2010, co-
8   conspirator Schrier sent to victim A.L. an e-mail threatening to
9   post intimate photographs of victim A.L. on the Internet unless
10   victim A.L. paid money to co-conspirator Schrier that evening.

11         <u>Overt Act No. 28</u>:   On or about October 26, 2010, co-
12   conspirator Schrier sent to victim A.L. an e-mail instructing
13   victim A.L. to have victim D.N. transfer money to co-conspirator
14   Schrier's online poker account under the name of "Craigslist
15   girl."

16         <u>Overt Act No. 29</u>:   On or about October 26, 2010, co-
17   conspirator Schrier sent to victim D.N. an e-mail threatening to
18   post intimate photographs of victim A.L. on the Internet unless
19   victim D.N. transferred $15,000 into co-conspirator Schrier's
20   online poker account under the name of "Craigslist girl."

21         <u>Overt Act No. 30</u>:   On or about October 27, 2010, co-
22   conspirator Schrier sent to victim A.L. an e-mail threatening to
23   post intimate photographs of victim A.L. on the Internet unless
24   victim A.L. paid money to co-conspirator Schrier.

25         <u>Overt Act No. 31</u>:   On or about October 27, 2010, co-
26   conspirator Schrier sent to victim D.N. an e-mail threatening to
27   post intimate photographs of victim A.L. on the Internet unless
28   victim D.N. paid $20,000 to co-conspirator Schrier.

Overt Act No. 32:   On or about October 28, 2010, in a cellular telephone text message to co-conspirator Finney, co-conspirator Schrier discussed the extortion of victim J.S. for $100,000.

Overt Act No. 33:   On or about October 28, 2010, co-conspirator Schrier sent to victim D.N. an e-mail instructing him to make two separate transfers of $7,500 each into co-conspirator Schrier's online poker account under the screen name of "Craigslist girl."

Overt Act No. 34:   On or about October 28, 2010, co-conspirator Schrier sent to victim D.N. an e-mail threatening to post intimate photographs of victim A.L. on the Internet.

Overt Act No. 35:   On or about October 29, 2010, in a cellular telephone text message, defendant HUDSON provided co-conspirator Schrier information regarding defendant HUDSON's online poker account under the screen name of "Marissa_20."

Overt Act No. 36:   On or about October 29, 2010, co-conspirator Schrier sent to victim D.N. an e-mail instructing him to transfer $30,000 into defendant HUDSON's online poker account under the screen name of "Marissa_20."

Overt Act No. 37:   On or about October 29, 2010, co-conspirator Schrier sent to victim D.N. an e-mail threatening to post intimate photographs of victim A.L. on the Internet that evening.

Overt Act No. 38:   On or about October 29, 2010, co-conspirator Schrier sent to victim A.L. an e-mail threatening to post intimate photographs of victim A.L. on the Internet that evening.

1    <u>Overt Act No. 39</u>:   On or about October 29, 2010, in a
2  cellular telephone text message, co-conspirator Schrier told
3  defendant HUDSON that he had demanded $30,000 from victim D.N.
4    <u>Overt Act No. 40</u>:   On or about October 30, 2010, co-
5  conspirator Schrier sent to victim D.N. an e-mail instructing him
6  to transfer $20,000 into defendant HUDSON's online poker account
7  under the screen name of "Marissa_20."
8    <u>Overt Act No. 41</u>:   On or about October 30, 2010, co-
9  conspirator Schrier sent to victim D.N. an e-mail instructing him
10 to send money to co-conspirator Schrier through Western Union.
11   <u>Overt Act No. 42</u>:   On or about October 30, 2010, in a
12 cellular telephone text message to defendant HUDSON, co-
13 conspirator Schrier discussed the extortion of victim D.N.
14   <u>Overt Act No. 43</u>:   On or about October 30, 2010, in a
15 cellular telephone text message to co-conspirator Finney, co-
16 conspirator Schrier stated, "the money is ready to be shipped."
17   <u>Overt Act No. 44</u>:   On or about October 30, 2010, in a
18 cellular telephone text message to co-conspirator Schrier, co-
19 conspirator Finney asked whether co-conspirator Schrier wanted
20 victim D.N. to send the money to co-conspirator Finney.
21   <u>Overt Act No. 45</u>:   On or about October 30, 2010, in a
22 cellular telephone text message to co-conspirator Finney, co-
23 conspirator Schrier stated that co-conspirator Finney would
24 receive $2,000 to $3,000 of the extortion payment from victim
25 D.N.
26   <u>Overt Act No. 46</u>:   On or about October 30, 2010, in a
27 cellular telephone text message, co-conspirator Finney provided
28 co-conspirator Schrier information regarding his online poker

account under the screen name of "Skittl3zzz."

Overt Act No. 47:   On or about October 31, 2010, co-conspirator Schrier sent to victim D.N. an e-mail threatening to post intimate pictures of victim A.L. on the Internet unless victim D.N. transferred $20,000 to co-conspirator Finney's online poker account under the screen name "Skittl3zzz."

Overt Act No. 48:   On or about October 31, 2010, in a cellular telephone text message to co-conspirator Schrier, defendant HUDSON discussed the extortion of victim D.N.

Overt Act No. 49:   On or about October 31, 2010, in a cellular telephone text message, co-conspirator Schrier informed co-conspirator Finney that it was defendant HUDSON who obtained the intimate photographs of victim J.S.

Overt Act No. 50:   On or about October 31, 2010, in a cellular telephone text message, co-conspirator Finney asked co-conspirator Schrier whether victim D.N. had responded to the extortion demands.

Overt Act No. 51:   On or about October 31, 2010, in a cellular telephone text message, co-conspirator Schrier informed co-conspirator Finney that victim D.N. would send money to co-conspirator Finney's account.

Overt Act No. 52:   On or about November 1, 2010, in a cellular telephone text message to co-conspirator Schrier, defendant HUDSON discussed the extortion of victim D.N.

Overt Act No. 53:   On or about November 1, 2010, co-conspirator Schrier sent to victim D.N. an e-mail threatening to post intimate pictures of victim A.L. on the Internet unless victim D.N. transferred $20,000 to co-conspirator Finney's online

1  poker account under the screen name "skittl3zzz" on the
2  PokerStars.com website.

3      Overt Act No. 54:   On or about November 1, 2010, in a
4  cellular telephone text message, co-conspirator Finney told co-
5  conspirator Schrier that he had not received the transfer of
6  money from victim D.N.

7      Overt Act No. 55:   On or about November 2, 2010, co-
8  conspirator Schrier sent to victim D.N. an e-mail threatening to
9  post intimate pictures of victim A.L. on the Internet unless
10  victim D.N. paid co-conspirator Schrier $40,000.

11      Overt Act No. 56:   On or about November 2, 2010, in a
12  cellular telephone text message to defendant HUDSON, co-
13  conspirator Schrier discussed the extortion of victim D.N.

14      Overt Act No. 57:   On or about November 2, 2010, in a
15  cellular telephone text message to co-conspirator Finney, co-
16  conspirator Schrier discussed the extortion of victim D.N.

17      Overt Act No. 58:   On or about November 4, 2010, co-
18  conspirator Schrier sent to victim D.N. an e-mail threatening to
19  post intimate pictures of victim A.L. on the Internet unless
20  victim D.N. paid co-conspirator Schrier $75,000.

21      Overt Act No. 59:   On or about November 4, 2010, in a
22  cellular telephone text message to defendant HUDSON, co-
23  conspirator Schrier discussed the extortion of victim D.N.

24      Overt Act No. 60:   On or about November 4, 2010, in a
25  cellular telephone text message, co-conspirator Schrier asked co-
26  conspirator Finney to call him regarding the transfer of $75,000
27  from victim D.N.
28  ///

1    Overt Act No. 61:   On or about November 5, 2010, co-
2  conspirator Schrier sent an e-mail attaching a nude photograph of
3  victim J.S. to approximately 100 individuals.

4    Overt Act No. 62:   On or about November 5, 2010, co-
5  conspirator Schrier sent to victim D.N. an e-mail threatening to
6  post intimate pictures of victim A.L. on the Internet unless
7  victim D.N. paid money to co-conspirator Schrier.

8    Overt Act No. 63:   On or about November 5, 2010, in a
9  cellular telephone text message, co-conspirator Schrier told co-
10 conspirator Finney that victim D.N. would be transferring $75,000
11 into co-conspirator Finney's online poker account and instructed
12 co-conspirator Finney to keep $10,000 for himself.

13   Overt Act No. 64:   On or about November 5, 2010, in a
14 cellular telephone text message, defendant HUDSON instructed co-
15 conspirator Schrier to transfer $115,000 into defendant HUDSON's
16 girlfriend's bank account.

17   Overt Act No. 65:   On or about November 5, 2010, in a
18 cellular telephone text message to co-conspirator Schrier,
19 defendant HUDSON discussed the extortion of victim D.N.

20   Overt Act No. 66:   On or about November 5, 2010, co-
21 conspirator Schrier sent to victim D.N. an e-mail stating that
22 "the price [has] gone up to 100k."

23   Overt Act No. 67:   On or about November 6, 2010, co-
24 conspirator Schrier sent to victim D.N. an e-mail threatening to
25 raise the extortion price unless victim D.N. paid $75,000 to co-
26 conspirator Schrier.

27   Overt Act No. 68:   On or about November 6, 2010, in a
28 cellular telephone text message, defendant HUDSON instructed co-

1  conspirator Schrier to transfer $115,000 into defendant HUDSON's
2  girlfriend's bank account.

3      Overt Act No. 69:   On or about November 6, 2010, in a
4  cellular telephone text message, co-conspirator Schrier asked co-
5  conspirator Finney to call him regarding the transfer of $75,000
6  from victim D.N.

7      Overt Act No. 70:   On or about November 6, 2010, in a
8  cellular telephone text message to co-conspirator Schrier,
9  defendant HUDSON discussed the extortion of victim D.N.

10     Overt Act No. 71:   On or about November 8, 2010, in a
11 cellular telephone text message, co-conspirator Schrier asked co-
12 conspirator Finney to let him know when co-conspirator Finney
13 received money from victim D.N.

14     Overt Act No. 72:   On or about November 8, 2010, in a
15 cellular telephone text message to co-conspirator Schrier, co-
16 conspirator Finney stated he would check his account for the
17 money transfer from victim D.N.

18     Overt Act No. 73:   On or about November 8, 2010, in a
19 cellular telephone text message to co-conspirator Schrier, co-
20 conspirator Finney stated he did not receive money from victim
21 D.N.

22     Overt Act No. 74:   On or about November 8, 2010, co-
23 conspirator Schrier sent to victim A.L. an e-mail threatening to
24 post intimate pictures of victim A.L. on the Internet unless
25 victim D.N. paid money to co-conspirator Schrier.

26     Overt Act No. 75:   On or about November 8, 2010, co-
27 conspirator Schrier sent to victim D.N. an e-mail threatening to
28 post intimate pictures of victim A.L. on the Internet unless

14

1 | victim D.N. paid co-conspirator Schrier $110,000.

2 |     <u>Overt Act No. 76</u>:   On or about November 9, 2010, in a

3 | cellular telephone text message to defendant HUDSON, co-

4 | conspirator Schrier discussed the extortion of victim D.N.

5 |     <u>Overt Act No. 77</u>:   On or about November 9, 2010, in a

6 | cellular telephone text message to co-conspirator Schrier, co-

7 | conspirator Finney stated he did not receive money from victim

8 | D.N.

9 |     <u>Overt Act No. 78</u>:   On or about November 9, 2010, in a

10 | cellular telephone text message, co-conspirator Schrier told co-

11 | conspirator Finney that could have $18,700 from the money to be

12 | received from victim D.N.

1                           COUNT TWO

2       [18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i), (c)(2)(B)(ii)]

3       5.    The Grand Jury hereby repeats and realleges paragraphs

4 1, 3, and 4 of this Indictment, including all subparagraphs, as

5 if fully set forth herein.

6       6.    On or about October 18, 2010, in Los Angeles County,

7 within the Central District of California, and elsewhere,

8 defendant KEITH JAMES HUDSON intentionally accessed without

9 authorization, and thereby obtained information, namely, the

10 contents of victim J.S.'s e-mail account, from a computer used in

11 and affecting interstate and foreign commerce, for purposes of

12 private financial gain and in furtherance of a criminal act in

13 violation of the laws of the United States, namely, extortion by

14 threatening to impair the confidentiality of information from a

15 protected computer, in violation of Title 18, United States Code,

16 Section 1030(a)(7)(B).

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[18 U.S.C. § 371]

A.   THE OBJECT OF THE CONSPIRACY

7.   Beginning on an unknown date and continuing through on or about December 1, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant KEITH JAMES HUDSON ("HUDSON") and co-conspirator Tyler Schrier ("Schrier"), together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit the following offenses against the United States:  To access a protected computer without authorization and obtain information for private financial gain, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i).

B.   THE MANNER AND MEANS OF THE CONSPIRACY

8.   The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

a.   Co-conspirator Schrier would gain unauthorized access into victim K.G.'s e-mail account and provide information from that e-mail account to defendant HUDSON.

b.   Defendant HUDSON would use the information from victims K.G.'s e-mail account to gain unauthorized access to victim K.G.'s online poker account for private financial gain.

C.   OVERT ACTS

9.   In furtherance of the conspiracy and to accomplish its object, defendant HUDSON and co-conspirator Schrier, together with others known and unknown to the Grand Jury, committed, and willfully caused others to commit, the following overt acts, among others, in the Central District of California and

17

1  elsewhere:

2      Overt Act No. 1:    On or about August 25, 2010, in an
3  online chat, co-conspirator Schrier provided victim K.G.'s e-mail
4  address and password to defendant HUDSON.

5      Overt Act No. 2:    On or about August 25, 2010, in an
6  online chat, co-conspirator Schrier instructed defendant HUDSON
7  to transfer the funds contained in victim K.G.'s online poker
8  account to defendant HUDSON.

9      Overt Act No. 3:    On or about August 25, 2010, in an
10 online chat, co-conspirator Schrier provided victim K.G.'s birth
11 date, address, and telephone number to defendant HUDSON.

12     Overt Act No. 4:    On or about August 25, 2010, defendant
13 HUDSON used victim K.G.'s e-mail address and birth date to access
14 victim K.G.'s online poker account and reset the password to
15 victim K.G.'s online poker account.

16     Overt Act No. 5:    On or about August 25, 2010, defendant
17 HUDSON used a credit card number ending in 3226 and tried to
18 transfer $1,000 from this credit card account into victim K.G.'s
19 online poker account.

20     Overt Act No. 6:    On or about August 25, 2010, defendant
21 HUDSON used a debit card number ending in 8550, which belonged to
22 victim J.M., and tried to transfer $1,400 from this debit card
23 account without victim J.M.'s authorization into victim K.G.'s
24 online poker account.

25

26

27

28

COUNT FOUR

[18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i)]

10.   The Grand Jury hereby repeats and realleges paragraphs 7, 8, and 9 of this Indictment, including all subparagraphs, as if fully set forth herein.

11.   On or about August 25, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant KEITH JAMES HUDSON intentionally accessed without authorization, and thereby obtained information, namely, the contents of victim K.G.'s online poker account, from a computer used in and affecting interstate and foreign commerce, for purposes of private financial gain.

COUNT FIVE

[18 U.S.C. § 1028A]

12.   On or about August 25, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant KEITH JAMES HUDSON knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the birth date of victim K.G., during and in relation to a felony violation, namely, unauthorized access to a protected computer to obtain information for private financial gain, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i), as charged in Count Four above, which is incorporated herein by reference.


A TRUE BILL

/s/

Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

WESLEY L. HSU
Assistant United States Attorney
Chief, Cyber and Intellectual Property Crimes Section

ERIC D. VANDEVELDE
Assistant United States Attorney
Deputy Chief, Cyber and Intellectual Property Crimes Section

WENDY T. WU
STEPHANIE S. CHRISTENSEN
Assistant United States Attorneys
Cyber and Intellectual Property Crimes Section