ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
WENDY T. WU (Cal. State Bar No. 242075)
STEPHANIE S. CHRISTENSEN (Cal. State Bar No. 236653)
Assistant United States Attorneys
Cyber and Intellectual Property Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0619/3756
     Facsimile:  (213) 894-8601
     E-mail:     Wendy.Wu@usdoj.gov
                 Stephanie.Christensen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 11-1175(A)-SJO |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT KEITH JAMES HUDSON |
| v. | |
| KEITH JAMES HUDSON, | |
| Defendant. | |

1.  This constitutes the conditional plea agreement between KEITH JAMES HUDSON ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case pursuant to Federal Rule of Criminal Procedure 11(a)(2).  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

///

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the First Superseding Indictment in United States v. Keith Hudson, CR No. 11-1175(A)-SJO, which charges defendant with unauthorized access to a protected computer to obtain information for purposes of private financial gain in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h) Agree to and not oppose the imposition of the following conditions of probation or supervised release:

1              i)     Before using a computer or computer-related
2  device capable or accessing the internet, screen name, password,
3  e-mail account or internet service provider (ISP) for the first
4  time, defendant shall notify his Probation Officer.  Computers
5  and computer-related devices include, but are not limited to,
6  personal computers, personal data assistants (PDAs), internet
7  appliances, electronic games, and cellular telephones, as well as
8  their peripheral equipment, that can access or can be modified to
9  access the internet, electronic bulletin boards, and other
10 computers, or similar media.  After notifying his Probation
11 Officer about a particular computer, computer-related device,
12 screen name, password, e-mail account or ISP, defendant need not
13 notify the officer about subsequent use of that particular item.
14             ii)    Defendant shall, however, notify his
15 Probation Officer of any additions to, removals from, upgrades
16 of, updates of, reinstallations of, repairs of, or other
17 modifications of the hardware or software on any computers,
18 computer-related devices, or peripheral equipment  in the
19 aforementioned items within one week of the change.
20             iii)   Defendant shall possess and use only the
21 computer(s) and computer-related devices, screen user names,
22 passwords, e-mail accounts, and ISPs that have been disclosed to
23 his Probation Officer.
24             iv)    Defendant shall provide his Probation Officer
25 with all billing records for phone, cable, internet and satellite
26 services that he purchases, as requested by the Probation
27 Officer, so that his Probation Officer can verify his compliance
28 with these requirements.

     v) All computers, computer-related devices and their peripheral equipment used by defendant shall be subject to search and seizure by making a mirror image of the device or searching the computer on-site. The defendant shall not hide or encrypt files or data without prior approval from the Probation Officer.

     vi) Defendant shall not knowingly contact, or attempt to contact any of the victims discussed in the First Superseding Indictment, including victims J.S., A.L., D.N., S.C., and K.G. ("the Victims") or their families, including but not limited to their parents, siblings, other relatives, any spouse or significant other with whom the Victims may share an intimate relationship (whether existing now or during the pendency of any term of supervised release), and any children of the Victims (whether existing now or during the pendency of any term of supervised release) (collectively, "Victims' Families"), directly or indirectly by any means, including but not limited to in person, by mail, telephone, e-mail, text message, or otherwise via the internet or other electronic means, or through a third party.

     vii) Defendant shall not attempt to locate the Victims or the Victims' Families or attempt to obtain information concerning the whereabouts, phone numbers, e-mail addresses, or other personal identifiers of the Victims or the Victims' Families.

     viii) Defendant shall remain at least 100 yards away from the Victims at all times.

ix) Defendant shall not possess, or attempt to possess, any materials, whether in hard copy, digital, electronic, or any other form, that depict sexually explicit and/or nude images of the Victims and/or that contain personal identifying information, including any access devices and bank/credit card account numbers, of the Victims.

3. Defendant and the USAO agree that defendant's entry of a guilty plea pursuant to paragraph 2(a) above will be conditional, in that defendant reserves the right, on appeal from the judgment, to seek review of the adverse determination of defendant's Motion to Suppress Evidence (Docket No. 57). If defendant prevails on appeal, defendant will be allowed to withdraw defendant's guilty plea.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing contained in this agreement.

c) At the time of sentencing, move to dismiss the remaining counts of the First Superseding Indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level

reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for the unlawful computer intrusion relating to victim S.C. during September and October 2010. Defendant understands that the USAOs are free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

                        NATURE OF THE OFFENSE

    5.  Defendant understands that for defendant to be guilty of the crime charged in count two of the First Superseding Indictment in <u>United States v. Keith Hudson</u>, CR No. 11-1175(A)-SJO, that is, unauthorized access to a protected computer to obtain information for purposes of private financial gain in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i), the following must be true: (a) Defendant intentionally accessed without authorization a computer; and (b) By accessing the computer without

6

authorization, defendant obtained information from a computer that was used in or affected commerce or communication between one state and another state or between a states of the United States and a foreign country.

6. Defendant understands that for defendant to be subject to the statutory maximum set forth below, the government must prove beyond a reasonable doubt that defendant committed the offense of unauthorized access to a protected computer without authorization and obtaining information for purposes of private financial gain.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i) is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

11.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided

8

below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on or about October 18, 2012, in the Northern District of California, defendant intentionally accessed, without authorization, a computer used in interstate commerce belonging to MSN Hotmail by accessing the e-mail account of victim J.S., a resident of Los Angeles County. Defendant obtained information from victim J.S.'s e-mails, specifically, intimate e-mails and photographs of victim J.S., and sent the information to co-defendant SCHRIER for the purpose of extorting victims J.S., A.L., and D.N. Co-defendant SCHRIER then threatened to post those intimate photographs and e-mails on the Internet unless victims J.S., A.L., and D.N. paid money to defendant and co-defendant SCHRIER. Between October 18, 2012, and November 9, 2010, in numerous cellular telephone text messages, defendant and co-defendant SCHRIER discussed the extortion scheme.

## SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only,

that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) | |
| Intent to Obtain Personal Information: | +2 | U.S.S.G. § 2B1.1(b)(16) | |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be represented by counsel – and if necessary have the court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be

represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify..

   g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

  17. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

  18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was

11

involuntary, or an appeal on the grounds specifically reserved in paragraph 3 above, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 19 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

20. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 19 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

12

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an

Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived

14

from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

26.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

15

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one –- not the prosecutor, defendant's attorney, or the Court –- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///
///
///
///
///
///
///

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_/s/ Wendy_____  1/11/2013
WENDY T. WU
STEPHANIE S. CHRISTENSEN
Assistant United States Attorneys

_/s/ Keith J. Hudson_____  1/10/2013
KEITH JAMES HUDSON
Defendant

_/s/_____  1/11/13
PEDRO CASTILLO
ASHFAQ G. CHOWDHURY
Deputy Federal Public Defenders
Attorneys for Defendant
Keith James Hudson

17

01/11/2013 10:41 408-362-4444 FEDEX OFFICE 2905 PAGE 02

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*/s/ Keith J. Hudson*    1/10/2013

KEITH JAMES HUDSON
Defendant                Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KEITH JAMES HUDSON's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his [her] rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of [a] guilty plea[s] pursuant to this agreement.

_____     1/11/13
PEDRO CASTILLO              Date
ASHFAQ G. CHOWDHURY
Deputy Federal Public Defenders
Attorneys for Defendant
Keith James Hudson